# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION
_____

ST. JUDE INVESTMENT, INC.
and JOY LIVERNOIS, LLC.,

        Plaintiffs,

v.                                      Case No. 18-12109

ARCH SPECIALITY INSURANCE
COMPANY,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR STRIKE

This case involves insurance coverage for a commercial building destroyed in a fire. The complaint was originally filed in Wayne County Circuit Court and was removed to this court. (Dkt. #1.) Defendant Arch Speciality Insurance Company (the "Insurer") filed a motion to dismiss Counts I and III of the complaint, or, in the alternative, to strike portions of Count I and to dismiss Count III. (Dkt. #9.) Plaintiffs filed a response (Dkt. #12), and Defendant filed a reply. (Dkt. #14.) The court has reviewed the briefing and concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will deny the motion and direct Defendant to answer the complaint within 14 days. *See* Fed. R. Civ. P. 12(a)(4)(A).

        **I.**        **BACKGROUND**

Plaintiffs St. Jude Investment, Inc. and Joy Livernois, LLC leased and owned, respectively, a commercial building in Detroit. (Dkt. #1-2, PageID 17.) There was an insurance policy for the property in the name of St. Jude Investment, Inc. that included

coverage for loss from a fire. (*Id.*, PageID 16.) Plaintiffs allege that the premises suffered insured losses while the policy was in force and timely made a claim for proceeds from the Insurer. (*Id.*) The complaint further asserts that the claim was not timely paid and states three counts: (1) breach of contract, (2) reformation, and (3) violation of the Michigan Uniform Trade Practices Act. The Insurer filed the present motion to dismiss Counts I and III, or strike portions of Count I and dismiss Count III. (Dkt. #9.)

## II. STANDARD

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint "requires more than labels and conclusions," and must allege facts that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In determining plausibility, "a court must construe the complaint in the light most favorable to the plaintiff [and] accept all factual allegations as true." *United States v. Brookdale Senior Living Communities, Inc.*, 892 F.3d 822 (6th Cir. 2018) (internal citations omitted).

Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). This action "should be sparingly used by the courts." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (internal citation omitted). Indeed, this

is a "drastic remedy" that "should be granted only when the pleading to be stricken has no possible relation to the controversy." *Id.* (internal citations omitted).

### III. DISCUSSION

#### A. Count I – Breach of Contract

Defendant Insurer first argues that Count I should be dismissed for failure to state a claim. (Dkt. #9, PageID 64–65.) Defendant contends that the core allegation—that Defendant failed to pay a claim under the insurance contract—is conclusory and lacks factual support. (*Id.*, PageID 76.) The complaint, however, alleges the following facts: (1) Defendant issued a commercial insurance policy, number ANC0003696, to Plaintiff for the property located at 7459 Joy Road that covered fire loss; (2) the property suffered such a loss on or about January 16, 2017, which was during the coverage period; (3) Plaintiff filed a claim with Defendant for insurance proceeds; and (4) Defendant did not timely pay the claim. (Dkt. #1-2, PageID 16.)

Construing the complaint in the light most favorable to the Plaintiffs and accepting the facts as true, the complaint states a plausible claim for breach of contract. Defendant is put on notice of the nature of Plaintiffs' claim in that the complaint identifies the contract at issue (insurance policy described above) and the alleged breach (failure to pay claim for loss incurred on specific date). If the facts alleged are proven, Plaintiffs could recover under contract law. Therefore, the court will not dismiss Count I.

Alternatively, Defendant argues that portions of Count I should be stricken as immaterial, impertinent, and prejudicial. (Dkt. #9, PageID 65.) Defendant argues that they are nonspecific and irrelevant to the breach of contract claim and would open the door to unwarranted discovery beyond the four corners of the contract. (*Id.*, PageID 77–

81.) The relevant paragraphs, however, are related to the breach of contract claim and not prejudicial. The issues to be litigated may be narrowed through pre-trial motion practice, but the drastic remedy of striking parts of the complaint is not merited.

### B. Count III – Violation of Michigan Uniform Trade Practices Act

Defendant argues that Count III should be dismissed for failure to state a claim. (Dkt. #9, PageID 65.) The complaint alleges that Defendant violated Michigan Complied Laws § 500.2006 when it failed to pay Plaintiff's claim on a timely basis and seeks an award of the penalty interest provided for under the statute. (Dkt. #1-2, PageID 18.)

Whether or not Plaintiffs ultimately succeed on this count, it does state a plausible claim for relief. Plaintiffs allege that Defendant is "a property and casualty insurance entity authorized to insure property in the State of Michigan subject to the Michigan Insurance Code of 1956." (*Id.*, PageID 16.) Count III specifies that Defendant was subject to the UTPA, Defendant did not pay Plaintiffs' claim on a timely basis as required under the statute, and thus must pay the statutory penalty interest. (*Id.*, PageID 18.) Read together with the rest of the complaint it incorporates, Count III states a plausible claim that is supported by factual allegations.

Defendant argues that the complaint fails to allege the requisite intent needed to support an award of penalty interest under § 500.2006. (Dkt. #9, PageID 69.) This argument, however, is not supported by either the plain language of the statute or Michigan Supreme Court case law. *See* Mich. Comp. Laws § 500.2006; *Nickola v. MIC General Insurance Company*, 894 N.W.2d 552 (Mich. 2017). Neither the statute itself nor the key recent case analyzing it reference an intent requirement. Defendant argues intent must be shown due to the punitive nature of the interest award and cites *Budd*

*Co. v. Admiral Insurance Co.*, 1995 WL 154874 (6th Cir. 1995), for the proposition that malice or fraud is required for an insurer to be held liable under the statute. This unreported case has no precedential value and the court does not find it persuasive. Thus, Count III will not be dismissed.

### IV. CONCLUSION

Counts I and III of Plaintiffs' complaint state plausible claims for relief and will not be dismissed. Moreover, the language in Count I is related to the claim and not prejudicial, and so will not be stricken. Accordingly,

IT IS ORDERED that Defendant's motion to dismiss or strike portions of Count I and to dismiss Count III (Dkt. #9) is DENIED.

IT IS FURTHER ORDERED that Defendant is DIRECTED to file an answer to Plaintiffs' complaint by **October 31, 2018**.

s/Robert H. Cleland         /  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: October 18, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 18, 2018, by electronic and/or ordinary mail.

s/Lisa Wagner         /  
Case Manager and Deputy Clerk  
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\18-12109.STJUDE.Dismiss.Strike.docx